Pamela ROBERTS, Appellant,

v.

PADRE ISLAND BREWING CO., INC., Appellee.

No. 13–99–368–CV.

Court of Appeals of Texas, Corpus Christi.

Aug. 3, 2000.

Jeffrey Alan Goldberg, San Antonio, for appellant.

Cary Michael Toland, Brownsville, for appellee.

Before Justices HINOJOSA, CHAVEZ, and RODRIGUEZ.

## OPINION

Opinion by Justice RODRIGUEZ.

Appellant Pamela Roberts appeals the dismissal of an employment discrimination claim. By two points of error, she contends the trial court erred by (1) dismissing her claim because she was diligent in procuring service upon appellee and (2) refusing to provide findings of fact and conclusions of law. We affirm.

Appellee Padre Island Brewing Company, Inc., terminated appellant during her pregnancy on June 26, 1998. Pursuant to section 21.202 of the Texas Labor Code, appellant filed a charge with the Texas Commission on Human Rights through the Equal Employment Opportunity Commission (EEOC) within 180 days after the date of termination. *See* TEX LAB.CODE ANN. § 21.202 (Vernon 1993). Appellant alleged she was terminated in violation of the Texas Commission of Human Rights Act (TCHRA) as a result of her pregnancy. *See* TEX. LAB.CODE ANN. §§ 21.001–21.556 (Vernon 1993) (codification of Texas Commission of Human Rights Act). On September 16, 1998, the Commission issued a Notice of Right to File a Civil Action, advising appellant that, pursuant to section 21.254 of the Texas Labor Code, she had sixty days from the receipt of the notice to file a civil action. *See* TEX. LAB. CODE ANN. § 21.254 (Vernon 1993). Appellant filed a complaint in district court on October 27, 1998, but did not serve appellee with citation until January 22, 1999, some sixty-eight days after the expiration of the sixty day period. The trial court granted appellee's motion to dismiss after finding appellant failed to use due diligence to timely serve appellee within the statute of limitations set forth by the TCHRA.

In her first issue, appellant contends the trial court improperly dismissed

her claim because she continuously exercised diligence in attempting service from the time she filed her civil action until she ultimately served appellee. The standard of appellate review of a dismissal is to inquire whether the trial court abused its discretion. *Mercure Co., N.V. v. Rowland*, 715 S.W.2d 677, 680 (Tex.App.—Houston [1st Dist.] 1986, no writ). The scope of appellate review is limited to the arguments raised in the motion to dismiss. *Id.* at 680–81 (citing *Country Cupboard, Inc. v. Texstar Corp.*, 570 S.W.2d 70, 75 (Tex. Civ.App.—Dallas 1978, writ ref'd n.r.e.)). To prevail on appeal, appellant must show a clear abuse of discretion on the trial court's order granting appellee's motion to dismiss. *Id.* at 681. A party moving to dismiss a suit based on the grounds that the petition was filed but not served within the applicable period of limitations must establish that ground as a matter of law. *See Zale Corp. v. Rosenbaum*, 520 S.W.2d 889, 890 (Tex.1975) (per curiam). If the movant meets this burden, the non-movant must then raise a material fact issue regarding limitations; specifically, whether due diligence was used to procure issuance and service of citation outside the limitations period. *See Murray v. San Jacinto Agency Inc.*, 800 S.W.2d 826, 830 (Tex. 1990); *Gonzalez v. Phoenix Frozen Foods, Inc.*, 884 S.W.2d 587, 589 (Tex.App.—Corpus Christi 1994, no writ).

The Commission on Human Rights Act sets forth certain time limits for obtaining relief from unlawful employment practices. First, a complainant must file a charge with the commission within 180 days from the alleged unlawful practice. *See* Tex. Lab.Code Ann. § 21.202 (Vernon 1993); *Eckerdt v. Frostex Foods, Inc.*, 802 S.W.2d 70, 71 (Tex.App.—Austin 1990, no writ). If the commission has not filed a civil suit within 180 days after the complaint is filed, it must notify the complainant in writing. *See* Tex. Lab.Code Ann. § 21.208 (Vernon 1993); *Eckerdt*, 802 S.W.2d at 71. Next, if the Commission's notice advises the complainant of a right to sue, the complainant may bring a civil action against the party named in the charge within sixty days of receipt of the notice. *See* Tex. Lab.Code Ann. § 21.254 (Vernon 1993); *Eckerdt*, 802 S.W.2d at 71. Finally, the complainant must bring the civil action within two years after filing the charge with the commission. *See* Tex. Lab.Code Ann. § 21.256 (Vernon 1995); *see also Eckerdt*, 802 S.W.2d at 71.[1]

■ Before we can address the issue of appellant's diligence, we must determine whether appellant served process within the period of limitations. From a reading of the act, appellant had either sixty days from the receipt of the notice or two years from the date of filing her charge of discrimination to serve citation upon appellee. Neither this Court nor the Texas Supreme Court have determined which period is controlling for purposes of limitations. When Texas case law fails to address questions raised under the TCHRA, we look to federal case law for guidance. *Guerrero v. Refugio County*, 946 S.W.2d 558, 566 (Tex. App.—Corpus Christi 1997, no writ); *Benavides v. Moore*, 848 S.W.2d 190, 193 (Tex.App.—Corpus Christi 1992, writ denied); *see also Schroeder v. Texas Iron Works, Inc.*, 813 S.W.2d 483, 485–86 (Tex. 1991).

The legislature modeled the Texas Commission on Human Rights Act (TCHRA) after Title VII of the Civil Rights Act of 1964. *See* 42 U.S.C. § 2000e. Pursuant to Title VII, a plaintiff has ninety days to bring suit after receipt of the EEOC's right to file suit letter. *See* 42 U.S.C. § 2000e–5. Federal courts have consis-

---

1. The corresponding section of this statute, article 5221k, section 7.01(a), as it existed in 1990, set forth a one year statute of limitations within which a plaintiff may bring a civil action. *See Eckerdt v. Frostex Foods, Inc.*, 802 S.W.2d 70, 71 (Tex.App.—Austin 1990, no writ). Section 7.01(a) of the Act was re-codified in 1993 and amended in 1995 to reflect the current statute as it appears under section 21.256 of the labor code, which provides for a two year statute of limitations.

tently treated this ninety day period as a period of limitations. *See e.g., Sanders v. Venture Stores, Inc.,* 56 F.3d 771, 775 (7th Cir.1995); *Early v. Bankers Life and Casualty Co.,* 959 F.2d 75, 80 (7th Cir.1992); *Porter v. Beaumont Enterprise and Journal,* 743 F.2d 269, 272 (5th Cir.1984). Furthermore, one of our sister courts has held that the sixty day period set forth in section 21.254 of the labor code is the applicable period of limitations in employment discrimination cases. *See Sibley v. Kaiser Foundation Health Plan of Texas,* 998 S.W.2d 399, 405 (Tex.App.—Texarkana 1999, no pet.) (in action for employment discrimination, compliance with sixty day limitations period requires service upon defendant within that period).

■ Likewise, we conclude that the sixty day period, under section 21.254 of the Texas Labor Code, is the applicable period of limitations for the purpose of service of process.

In the present case, after receiving her Notice of Right to File a Civil Action on September 16, 1998, appellant filed suit on October 27, 1998. Appellant served appellee on January 22, 1999, one hundred twenty eight days from the date of correspondence of her right to sue letter,[2] or sixty-eight days after the sixty day limitations period had run. Therefore, service was not accomplished within the applicable statute of limitations. In fact, more than two times the limitations period expired before appellant served appellant.

■ Service of citation outside the limitations period may be given effect only if the plaintiff exercised due diligence in procuring issuance and service of citation upon the defendant. *Gant v. DeLeon,* 786 S.W.2d 259, 260 (Tex.1990) (per curiam); *Zale Corp.,* 520 S.W.2d at 890. Thus, when a plaintiff files suit within the limita-

tions period, but does not serve the defendant until after the statutory period has expired, the date of service relates back to the date of filing only if the plaintiff continuously exercised due diligence in effecting service of citation upon the defendant. *Gant,* 786 S.W.2d at 260; *Zale Corp.,* 520 S.W.2d at 890; *Hansler v. Mainka,* 807 S.W.2d 3, 5 (Tex.App.—Corpus Christi 1991, no writ).

■ In this case, appellant's counsel hired a local process server, Jaime Munizez, who was recommended by the Cameron County District Clerk's office. Munizez never served appellee; another individual ultimately achieved service. Appellant argues that although she served the defendant after the period of limitation had run, such service should relate back to the date of her original petition because she exercised diligence by repeatedly attempting to contact Munizez as well as the Cameron County Clerk's office to inquire about the status of service. We conclude, however, that appellant's acts do not constitute due diligence because it is the responsibility of the person requesting service, and not the process server, to see that the service is properly accomplished. *See* Tex.R. Civ. P. 99(a). Reliance on the process server does not constitute due diligence in attempting service of process. *Gonzalez,* 884 S.W.2d at 589–90. A reasonable person in the same or similar circumstance would have employed an alternate process server, a constable, or would have attempted service through other alternative court approved methods such as service through a court appointed third party. *See Gonzalez,* 884 S.W.2d at 589; *Hansler,* 807 S.W.2d at 5. Additionally, appellee is an incorporated entity whose agent for service of process is registered with the Secretary of State's office. Appellant could have obtained the name of appellee's registered agent by

---

**2.** Appellant's notice of a right to sue letter is not in the record before this Court. Appellant does not provide the date she received her Notice of Right to File a Civil Action letter; she provides the date of correspondence that appears on the notice. However, both parties

to this appeal use September 16, 1998 as the date that commences the running of the sixty day period proscribed by section 21.254 of the labor code. Accordingly, for purposes of this appeal, appellant does not dispute that she received notice on September 16, 1998.

contacting the Secretary of State's office and effected service upon appellee's registered agent through certified mail. *See* Tex.R. Civ. P. 21(a). Although the existence of diligence is usually a question of fact, a lack of diligence exists as a matter of law because it is clear that appellant did not exhaust all of the alternatives available to achieve proper service. *See Gonzalez,* 884 S.W.2d at 589 (stating that lack of diligence exists as a matter of law where plaintiff's acts clearly negate diligence).

Appellant did not demonstrate that she attempted service by any means other than relying on Munizez. After considering appellant's failure to exhaust all of the alternatives available to achieve timely service, and that appellee was served seventy-six days after the running of a sixty day statute of limitations, we conclude appellant did not use due diligence in effecting service of process. Appellant has not raised a material fact issue regarding the defense of limitations and the dismissal of her claims was proper. *See Murray,* 800 S.W.2d at 803; *see also Gonzalez,* 884 S.W.2d at 589. Appellant's first point of error is overruled.

In her second issue, appellant claims that the trial court erred when it refused to return findings of fact and conclusions of law after she filed a timely and proper request for them. Pursuant to the Texas Rules of Civil Procedure, a party may request the court to state its findings of fact and conclusions of law in writing following a bench trial. *See* Tex.R. Civ. P. 296.

██ The Texas Supreme Court has consistently held that a trial court's failure or refusal to provide findings of fact and conclusions of law after a party has made a timely and proper request is not reversible error unless the record before the appellate court affirmatively shows that the complaining party has suffered an injury as a result of the trial court's failure to provide such findings and conclusions. *Tenery v. Tenery,* 932 S.W.2d 29, 30 (Tex. 1996) (per curiam) (citing *Cherne Indus-*

*tries v. Magallanes,* 763 S.W.2d 768, 772 (Tex.1989)); *Wagner v. Riske,* 142 Tex. 337, 178 S.W.2d 117, 120 (1944).

In her brief, appellant sets forth the proper procedure for requesting findings of fact and conclusions of law as set forth in the Texas Rules of Civil Procedure. *See* Tex.R. Civ. P. 296, 297. Appellant states only that the trial court failed to comply with the procedure after she made her request. Appellant does not advance any argument illustrating how she sustained any specific harm as a result of the trial court's failure to provide such findings and conclusions. We conclude that appellant was not injured by the trial court's failure to submit such findings and conclusions. *Tenery,* 932 S.W.2d at 30; *Wagner,* 178 S.W.2d at 120. Appellant's second point of error is overruled.

We conclude the trial court did not abuse its discretion. The trial court's dismissal of appellant's claim is AFFIRMED.