NUMBER
13-05-302-CV

 

                         COURT
OF APPEALS

 

               THIRTEENTH
DISTRICT OF TEXAS

 

                  CORPUS
CHRISTI - EDINBURG

 

 

 

MICHAEL
SCOTT,                                                    Appellant,

 

                                           v.

 

MICHAEL PAXTON,                                                   Appellee.

 

 

 

                  On
appeal from the 156th District Court

                              of
Bee County, Texas.

 

 

 

                     MEMORANDUM
OPINION[1]

 

      Before
Chief Justice Valdez and Justices Rodriguez and Garza

Memorandum Opinion by
Justice Rodriguez

 








Appellant,
Michael Scott, an inmate in the Texas Department of Criminal
Justice-Institutional Division (TDCJ), proceeding pro se and in forma
pauperis, filed suit against appellee, Michael Paxton, for damages he
allegedly sustained.  Appellee moved to
dismiss, arguing that appellant failed to fully comply with TDCJ policy and
chapter 14 of the Texas Civil Practice and Remedies Code.  See
Tex. Civ. Prac. & Rem. Code Ann. '' 14.001-.014 (Vernon 2002).  By
one issue, appellant contends that the trial court abused its discretion under
chapter 14 in dismissing his claim as frivolous.  Finding no abuse of discretion, we affirm.

I.  Standard of Review

The
proper standard of review for the dismissal of an inmate=s lawsuit in forma pauperis is
abuse of discretion.  Thomas v. Knight,
52 S.W.3d 292, 294 (Tex. App.BCorpus Christi 2001, pet. denied); Jackson
v. Tex. Dep't of Crim. Justice‑Inst. Div., 28 S.W.3d 811, 813
(Tex. App.BCorpus Christi 2000, pet. denied).  Abuse of discretion is determined by
examining whether the trial court acted without reference to any guiding rules
and principles.  Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241‑42 (Tex. 1985); Thomas,
52 S.W.3d at 294-95.  Where the trial
court has not specified the grounds for dismissal in its order, the order will
be affirmed if any of the theories advanced in the motion to dismiss supports
the dismissal.  Walker v. Gonzales
County Sheriff=s Dep=t, 35 S.W.3d
157, 162 (Tex. App.BCorpus Christi 2000, pet. denied); Roberts
v. Padre Island Brewing Co., Inc., 28 S.W.3d 618, 620 (Tex. App.BCorpus Christi 2000, pet. denied).

 








II.  Analysis

By his
sole issue, appellant challenges the trial court=s
dismissal of his suit as frivolous.  The
incident about which appellant complains occurred on October 25, 2001.  Appellant 
asserts that he filed a grievance on or about November 1, 2001 and that
it was not recorded or received by appellant=s
grievance administrator.  A copy of this
grievance, if any, does not appear in the appellate record.  Moreover, at the hearing on appellee=s motion to dismiss, appellee disputed the
fact that appellant filed an alleged 2001 grievance, a grievance related to the
incident.  At the hearing, appellant also
acknowledged that he did not complain about the grievance office not receiving
his 2001 grievance and that he did not file a grievance again until April 2003.[2]








Early
in April 2003, appellant filed a Step 1 offender grievance form complaining of
the October 2001 incident.[3]  The form was returned to appellant because
the "[g]rievable time period ha[d] expired."  His subsequent Step 2 grievance form, signed
by appellant on April 8, 2003, was returned by the grievance office with the
following explanation:  "You may not
submit a Step 2 appeal on a Step One Grievance that was returned to you for
improper submission.  If you feel that
the step 1 was returned in error, you may contact the Unit Grievance
Investigator for clarification." 
The 2003 grievance forms and responses are filed with the record in this
Court.

On June
3, 2003, appellant filed suit against appellee in district court for civil
assault and battery.  He also filed a
declaration of inability to pay costs and a request to proceed in forma
pauperis.  On November 9, 2004, the
trial court dismissed the suit with prejudice, finding that the petition filed
by appellant was not in compliance with the requirements set forth in chapter
14 of the Texas Civil Practice and Remedies Code.  See
Tex. Civ. Prac. & Rem. Code Ann. '
14.003 (Vernon 2002).  After filing a
motion for new trial, appellant filed his timely notice of appeal and his
unsworn declaration of financial inability to pay costs.








Inmate
litigation, except suits brought under the family code, in which the inmate
files an affidavit or unsworn declaration of inability to pay costs is governed
by special procedural rules set out in chapter 14.  Id. '
14.002.  Under chapter 14, a court may
dismiss a claim if it finds, among other things, that "the claim is
frivolous . . . ."  See id. ' 14.003(a)(2).  In determining whether a claim is frivolous,
the trial court may consider whether: 
(1) the claim=s realistic chance of ultimate success is
slight; (2) the claim has no arguable basis in law or fact; (3) it is clear
that the party cannot prove facts in support of the claim; or (4) the claim is
substantially similar to a previous claim filed by the inmate because the claim
arises from the same operative facts.  Id.
' 14.003 (b); Jackson, 28 S.W.3d at
813.  

In this
case, appellant filed an unsworn declaration of inability to pay court costs,
thus, chapter 14 applies.  See Tex. Civ. Prac. & Rem. Code Ann. ' 14.002(2) (Vernon 2002).  Without specifying the grounds for dismissal
in its order, the trial court generally found that the petition filed by
appellant was not in compliance with the requirements set forth in chapter
14.  Therefore, we will affirm if any of
the theories advanced in the motion to dismiss supports the dismissal.  Walker, 35 S.W.3d at 162; Roberts,
28 S.W.3d at 620.

The
following theory was advanced in appellee=s motion to dismiss:

A review of Scott=s [appellant's] Original Complaint by
undersigned counsel has determined that although Scott filed a
"Declaration of Grievance" and copies of his Step One and Two
Grievances, he failed to meet the grievable time period under TDCJ policy and
procedure.  Here, [Scott] attempted to
submit a grievance regarding an incident occurring in [October] of 2001.  As noted by the grievance official, this was
outside of the grievable time period under the administrative grievance
guidelines.  All inmates in TDCJ-CID
receive a manual regarding TDCJ Grievance Policies. [Scott], as evidenced by
his affidavit of previous filings, is no stranger to the state court judicial
system.  As such, he is fully aware of
the TDCJ policies and Chapter 14 requirements regarding the exhaustion of
administrative grievances. [Scott=s] failure to fully comply with both TDCJ
policy and Chapter 14 of the Civil Practice and Remedies Code should result in
the dismissal of his suit.

 

* * * * *

 

Inmate Scott has not complied with the
exhaustion requirements set out in Government Code Section 501.008 and Civil
Practice & Remedies Code Section 14.005(a) and 14.005(b) by failing to meet
the grievable time period under TDCJ policies and procedures and Chapter 14 of
the Civil Practice and Remedies Code; his lawsuit should be dismissed with
prejudice.       








At the hearing, the
following exchange occurred:

 

The Court:   It is TDCJ=s policy that you can=t grieve or file a grievance about an
event that allegedly occurred in 2001 or B and there again, I=m trying to make sure I understand exactly
what your position is.  The complaint in
the lawsuit addresses actions or events that he=s
claiming took place in 2001.  Clearly the
grievance documents that exist and have been attached and are part of the
record seem to be dated 2003.

 

What is B
what, if any, is the relevance of the 2001 event as it relates to the 2003
grievance procedure?  He can=t wait two years to complain about
something?

 

Defense

Counsel:      No, sir, no, sir,
and that=s because under TDCJ policy, which he=s well aware of, because in his prisoner
orientation handbook, the policies are there, that after certain period of time
the grievance procedure B we like to be able to investigate these
claims when they=re fresh and they=re new so we can get the information.  And waiting two years is well beyond that
period of time and is a violation of TDCJ policy, which he=s well aware of.

 

He claims he did file grievances closer to
the date in question, but he did not provide us copies with those, and we
contend that in fact he never did actually file those.

 

* * * * * 

 

No,
Your Honor, the records don=t reflect one was ever filed.

 








At the
hearing, appellant informed the court that he had attempted to exhaust the
grievance system in 2001 but was thwarted by prison officials in the unit; he
was "prevented from going any further."  He did not file suit in 2001, but
"decided to wait again and file another grievance later on" assuming
that he had a two-year time limitation to file his civil assault and battery
lawsuit.[4]  Appellant "just decided to wait.  Just a personal decision that [he]
made."  He also acknowledged that he
had fifteen days to file a grievance after an incident occurred at the
unit.  Appellant also informed the court
that he chose not to file a grievance of any type to indicate that he was
grieving about not receiving a response from his first grievance.  Appellant indicated that he learned, more
than forty-five days later, that there was no record in the grievance office
that he had ever filed a Step 1 grievance in 2001.  After that he "just let the matter
go" and "wait[ed until] later to submit another grievance and [to
make] another attempt to try to exhaust the prison administrative grievance
system again before filing suit." 
He "just stopped right there." 
Appellant continued:

[A]t the time I had filed another grievance
pertaining to another incident . . . at the unit.  We=re only allowed to file grievances once
every seven days, okay?  And back then in
2001 I had so much things B I had a lot of things going on with
security.  I was filing grievances every
week, and one particular grievance pertained to another use of force
incident.  So I didn=t confine space within that time period to
fit the grievance in.  It would have been
beyond the 15-day time period also.  And
I thought my other grievances more important than that grievance, because my
other grievance pertain[ed] to lawsuits also.

 

I made a decision to pursue B to submit grievances on [the] incident I
was filing a claim on.  I did not think
that filing a grievance . . . [for] not receiving my Step 1 grievance would
have solved anything, I still would not have been able to file my lawsuit by
complaining about not receiving B about the grievance office not receiving
my Step B original Step 1 grievance.

 

Thinking it was not
relevant, appellant chose to wait and file a grievance again later in April
2003.








Appellant
does not dispute that under the TDCJ policy he had fifteen days from the date
of the incident to file his grievance and that he did not file his 2003
grievance timely pursuant to that policy.[5]  Because appellant failed to file his 2003
grievance timely as set out by TDCJ policy and because appellant failed to show
a "substantial effort to obtain an administrative remedy" following
the incident in 2001, his claim has no arguable basis in law.  See Tex.
Civ. Prac. & Rem. Code Ann. ' 14.003(b)(2) (Vernon 2002); see also
Shah v. Quinlin, 901 F.2d 1241, 1244 (5th Cir. 1990) (finding that
dismissal is premature where pro se inmate showed a "substantial effort to
obtain an administrative remedy" and alleged that irregularities in the
administrative process itself prohibited him from exhausting those remedies).  The court did not abuse its discretion in
dismissing appellant=s suit.  Jackson, 28 S.W.3d at 813.  Accordingly, appellant=s sole issue contending that the trial
court abused its discretion under chapter 14 in dismissing his claim as
frivolous is overruled.

III.  Conclusion

We
affirm the trial court=s order of dismissal.

NELDA V. RODRIGUEZ

Justice

 

Memorandum Opinion delivered and

filed this the 8th day of June, 2006.











[1]As this is a memorandum
opinion and the parties are familiar with the facts of the case, we will

not recite them here
except as necessary to advise the parties of this Court=s decision and the basic
reasons for it.  See Tex. R. App. P. 47.4.





[2]The record presents
discrepancies as to appellant=s alleged filing of 2001 grievance forms.  At

the hearing on the motion
to dismiss, appellant asserted that he filed a November 2001 Step 1 grievance
and received no response from the grievance office.  Because he received no response, he explained
he could not file a Step 2 grievance. 
Appellant asserts this same position on appeal.  In his April 2003 Step 1 grievance, however,
without referring to the November 2001 Step 1 grievance, appellant sets out
that, during the month of December 2001, he filed a Step 2 grievance pertaining
to this same incident and that the grievance was never returned to him.  We find no copies of 2001 grievance forms in
the record.  Furthermore, other
explanations in the record regarding the 2001 grievance proceedings, if any,
are unclear.  It is clear, however, that
appellant chose not to pursue the grievance office=s alleged failure to
respond to the 2001 grievance process, and it is clear that he did not file a
grievance again until April 2003.





[3]At the hearing, appellee
argued that the copies presented to the court and to appellee's office 

by appellant were not
processed copies.  They were not
processed by appellee's office because the incident was no longer grievable.  The response form referenced the
"Offender Grievance Operations Manual February 2000 Appendix U," a
manual that apparently set out the time period in which the grievance form
should have been filed.





[4]Appellant does not raise
this contention on appeal.





[5]Section 501.008(a) of the
government code sets out that "[t]he department shall develop and

maintain a system for the
resolution of grievances by inmates housed in facilities operated by the
department or under contract with the department that qualifies for
certification under 42 U.S.C. Section 1997e and the department shall obtain and
maintain certification under that section."  Tex.
Gov=t Code Ann. ' 501.08(a) (Vernon 2004).