Opinion Issued May 28, 2009









Opinion Issued May 28,
2009

 

 

 

 

 

 

 

 

 

 

 

 

 










 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-08-00893-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



DOLORES & JAMES GABRILES, Appellant

 

V.

 

SAM’S EAST, INC., D/B/A SAM’S CLUB, Appellee

 

 



On Appeal from the 122nd District Court

Galveston County, Texas

Trial Court Cause No. 07-CV-1393

 








 



MEMORANDUM OPINION

           Delores Gabriles and her
husband, James, appeal the trial court’s summary judgment in their suit against
Sam’s East, d/b/a Sam’s Club (Sam’s Club).  The Gabrileses contend that the
trial court erred in granting summary judgment on the ground of limitations and
erred in overruling their motion for new trial.  We affirm.

Background

On December 15, 2005,
Delores Gabriles entered a Sam’s Club store in Texas City.  After completing
her purchase, she fell over a flatbed shopping cart allegedly placed behind her
by Sam’s Club employees.  On December 3, 2007, the Gabrileses sued Sam’s Club
for Delores’s injuries resulting from that fall and for James’s loss of
consortium.  The clerk’s office issued citation in the case on December 7,
2007, approximately one week before the end of the two-year statute of
limitations.  See Tex. Civ. Prac.
& Rem. Code Ann. § 16.003(a) (Vernon 2002 & Supp. 2008). 
Sam’s Club did not receive service of process until April 8, 2008, about four
months after the statute of limitations had expired.  Sam’s Club moved for
summary judgment on the ground that the Gabrileses had failed to exercise due
diligence in securing service of process.  In response, the Gabrileses urged
that they had provided the suit papers to a process server in December 2007. 
The trial court granted summary judgment.  The Gabrileses moved for a new
trial.  They later supplemented the motion for new trial with an affidavit of
from the trial attorney, explaining his efforts to secure service of process. 
The trial court denied the motion for new trial.

Discussion

          The Gabrileses contend that
the trial court erred in granting summary judgment on the basis of limitations
because enough evidence of diligence in service of process exists in the record
to create a fact issue for the jury.  The Gabrileses further contend that the
trial court erred in denying their motion for new trial.

Standard of Review

We review a trial court’s
summary judgment de novo.  Valence Operating Co. v. Dorsett, 164
S.W.3d  656, 661 (Tex. 2005); Provident Life & Accid. Ins. Co. v. Knott,
128 S.W.3d 211, 215 (Tex. 2003).  Under the traditional standard for summary
judgment, the movant has the burden to show that no genuine issue of material
fact exists and that the trial court should grant a judgment as a matter of
law.  Tex. R. Civ. P. 166a(c);  KPMG Peat Marwick v. Harrison County Hous. Fin. Corp., 988
S.W.2d 746, 748 (Tex. 1999).  When reviewing a summary judgment, we take as true
all evidence favorable to the nonmovant and resolve any doubts in the
nonmovant’s favor.  Dorsett, 164 S.W.3d at 661; Knott, 128 S.W.3d
at 215; Sci. Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 911 (Tex. 1997).  

Limitations and Service
of Process

A suit for
personal injuries, like this one, must be brought within two years from the
time the cause of action accrues.  See Tex.
Civ. Prac. & Rem. Code Ann. § 16.003(a).  But, a timely filed
suit does not interrupt the running of limitations if the plaintiff exercises
reasonable diligence in the issuance and service of the citation.  Proulx v.
Wells, 235 S.W.3d 213, 215 (Tex. 2007).  If a plaintiff diligently obtains
service after limitations has expired, the date of service relates back to the
date of filing.  Id.  

Once a
defendant has affirmatively pled limitations as a defense and showed that it
was served after the limitations period expired, the burden shifts to the
plaintiff to explain the delay.  Id. at 216 (citing Murray v. San
Jacinto Agency, Inc., 800 S.W.2d 826, 830 (Tex. 1990)).  If the plaintiff’s
explanation for the delay raises a material fact issue concerning the diligence
of service efforts, then the burden shifts back to the defendant to
conclusively show that, as a matter of law, the explanation is insufficient.  Id. (citing Zale Corp. v. Rosenbaum, 520 S.W.2d 889, 891 (Tex. 1975)).  The relevant inquiry is whether the
plaintiff acted as an ordinarily prudent person would have acted under the same
or similar circumstances and was diligent until the defendant was served.  Id.  Generally, courts examine the time it took to secure citation, service, or
both, and the type of effort or lack of effort the plaintiff expended in
procuring service.  Id.  For example, in Proulx, the defendant
evaded service by moving to different addresses.  Id. at 217.  The
plaintiff’s attorney employed two different process servers, two investigators,
and attempted to serve process on the defendant over thirty times at five
different addresses.  Id.  There, the court concluded that at least a
fact issue existed as to whether the plaintiff diligently obtained service.  Id.

Here, the Gabrileses
do not dispute that Sam’s Club was not timely served, but they argue that some
evidence of due diligence in service was presented to the trial court, thus
precluding summary judgment.  Upon filing suit, the Gabrileses’ attorney engaged a process service to
serve process on Sam’s Club.  The process server avers that she received the
citation in December 2007.  In January 2008, she believed that she had served
Sam’s Club by sending the citation by certified mail, but she was unable to
locate a confirmation card from the post office.  She did not prepare an
affidavit of lost citation or obtain a new citation.  Her belief was mistaken. 
Rather, it appears that, while moving paperwork from different cars to the
office, she lost the citation.  In March 2008, she discovered the citation and
immediately sent it to a process server in Dallas for personal service. 
Service was not effected until April 2008.  She averred, “this was just a
mistake.”

          The process server’s
explanation for the delay in service does not raise a material fact issue as to
diligence where three months passed after issuance of the citation without any
effort to serve Sam’s Club, an entity whose whereabouts are well-known, and who
did not evade service.  The Gabrileses failed to present any evidence other
than the process server’s affidavit in response to Sam’s Club’s summary
judgment motion.  The fact that the process server failed to timely mail the
citation to Sam’s Club’s registered agent does not constitute a sufficient
explanation for the delay in service without any effort to discover and correct
the mistake until more than two months had elapsed.  Deficiencies in the
performance of the server are imputed to the attorney who retained the process
server.  Gonzalez v. Phoenix Frozen Foods, Inc., 884 S.W.2d 587, 590 (Tex. App.—Corpus Christi 1994, no writ).  We hold that the process server’s affidavit,
without more, does not raise a fact issue as to limitations because it does not
demonstrate reasonable efforts to secure service.

The Gabrileses further
complain that the trial court erred in denying their motion for new trial
because, in the motion, trial counsel attached his affidavit, explaining his
failure to ensure that process was served on Sam’s Club.  The attorney confirms
timely delivery of the citation to County Wide Process Service on December 17,
and, thereafter, that he “periodically” encountered County Wide agents in his office building three to five times per month and inquired during these
encounters about efforts to serve Sam’s Club.  No agent ever told him that his
assistance was necessary in serving the defendant.  He further states that,
based on the customary practice in their long-standing business relationship,
he relied on County Wide to notify him of any difficulties in serving the
defendant.

          The responsibility for
timely effecting service of process falls on the person or party requesting the
service and not the process server.  Tex.
R. Civ. P. 99(a); Primate Constr., Inc. v. Silver, 884 S.W.2d
151, 153 (Tex. 1994).  Under existing conditions, the attorney’s actions in
periodically inquiring about County Wide’s efforts to serve process on Sam’s Club
and relying on County Wide to notify him of any problems in service during a
four-month delay in service do not constitute due diligence.  See Roberts v.
Padre Island Brewing Co., 28 S.W.3d 618, 621–22 (Tex. App.—Corpus Christi
2000, pet. denied); Boyattia v. Hinojosa, 18 S.W.3d 729, 734 (Tex.
App.—Dallas 2000, pet. denied); see also Gonzalez, 884 S.W.2d at 590
(holding that if attorney had been diligent, he would have noticed that
defendant had not filed an answer and that he could easily have checked with
court clerk to verify service upon defendants instead of relying on process
server) .  

In Roberts, the
attorney employed a process server who never served the defendant.  Id. at 621.  On appeal, the plaintiff argued that her service on the defendant seventy-six
days after the limitations period had expired should relate back to the filing
of her claim because she exercised diligence by repeatedly attempting to
contact the process server and the county clerk’s office to inquire about the
status of service.  Id.  Our sister court held, however, that the
appellant failed to use reasonable diligence in service because she failed to
demonstrate that she had attempted service by any means other than relying on
the process server, and a reasonable person in the same circumstances would
have employed an alternate process server or would have attempted service
through another court-approved method.  Id.  The court also pointed out
that, like here, the defendant was a corporation with a registered agent for
service of process who could be served through certified mail.  Id. at 621–22.  In Boyattia, the court clerk issued a citation for the
defendant, as directed by the plaintiff, but it was three months before it was
forwarded to the constable to serve.  Boyattia, 18 S.W.3d at 734.  Our
sister court held that three months, without explanation, is not a reasonable
time for no service effort to have begun; thus, the plaintiff was obligated to
make further efforts to ensure that service was accomplished.  Id.  Like in Roberts and Boyattia, here, an ordinarily prudent person
would have undertaken further efforts to ensure that service was effected
promptly, when all indication was that not even an attempt at service was made
for four months after the citation issued.  The efforts undertaken by the
plaintiff in Proulx, particularly where the defendant was evading
service, are in stark contrast to this case, where the defendant is a
corporation with a registered agent, and admittedly, the postal service never
returned any proof that certified mail was made—or that the citation was even
ever placed into the hands of a letter carrier.  In these circumstances, we
hold that the trial court did not abuse its discretion in denying the motion
for new trial.

Conclusion

We hold that the trial
court properly granted summary judgment on limitations, as the affidavits filed
with the trial court are insufficient to raise a fact issue as to due
diligence.  We therefore affirm the judgment of the trial court.

 

                                                          Jane Bland

                                                          Justice

 

Panel consists of Judges Keyes,
Hanks, and Bland.