Opinion issued December 19, 2019



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-19-00240-CV

————————————

## AUSENCIO VENTURA AND JUAN CARLOS VENTURA, Appellants

## V.

## MARTIN VASQUEZ, Appellee

On Appeal from the 127th District Court
Harris County, Texas
Trial Court Case No. 2016-13514

## MEMORANDUM OPINION

Appellants, Ausencio Ventura and Juan Carlos Ventura, challenge a summary judgment rendered in favor of appellee, Martin Vasquez, based on limitations grounds. Vasquez's motion for summary judgment asserted that,

although they had filed suit before limitations expired, Appellants had not served him until after limitations ran, and they had not used due diligence in serving him.

In one issue, Appellants assert that the trial court erred in granting Vasquez's motion for summary judgment. They contend that the evidence raised a fact issue regarding whether Appellants had exercised due diligence in effecting service. Because we conclude that the summary-judgment evidence did not raise a fact issue on this point, but instead established conclusively that Appellants did not exercise reasonable diligence in serving Vasquez, we affirm the trial court's judgment.

## Background

On March 5, 2014, Appellants and Vasquez were involved in a car accident. Claiming injuries from the accident, Appellants sued Vasquez on March 2, 2016, three days before the expiration of the statute of limitations. *See* TEX. CIV. PRAC. & REM. CODE § 16.003(a) (establishing two-year statute of limitations for personal-injury actions). Appellants retained a private process serving company, Professional Civil Process, to serve Vasquez.

On March 4, 2016, Appellants provided Professional Civil Process with the citation and petition to serve Vasquez. Between March 5 and March 10, 2016, the assigned process server, F. Berry, made four unsuccessful attempts to serve

2

Vasquez at an address on 15th Street in La Porte, Texas, identified as Vasquez's residence.

On March 11, 2016, Berry signed a document entitled, "Declaration of Not Found (Due and Diligent Search)," in which Berry stated that, "[a]fter due and diligent effort as set forth below, I have been unable to effect personal service upon Vasquez, Martin." Berry then provided the details regarding the four unsuccessful attempts he had made to serve Vasquez at the address. Berry explained that, during the first attempt on March 5, he was told by a teenager at the address that the boy's father, Martin Vasquez, Sr., lived there but that his brother, Martin Vasquez, Jr., did not. On the second attempt at service on March 7, Berry found no one at home and left a delivery notice at the residence. Berry returned to the address on the evening of March 9. Berry noted in the declaration that "the subject" resided at the address "but is not home at this time." Martin Sr.'s teenage son told Berry that his father was working nights, and Berry left a delivery notice with the teenager. Finally, on March 10, Berry said that he again returned to the address and spoke with Martin Sr., who told him that he did not know anything about the car accident. Martin Sr. said that it must have been his 20-year-old son, Martin Jr., who had been involved in the accident. Based on the exchange, Berry determined that Martin Jr., not Martin Sr., was the person who needed to be served. Berry also determined that Martin Jr. did not reside at the address with his parents.

Appellants' attorney, S. Cruz, provided Professional Civil Process with Vasquez's birthdate and driver's license number on March 11. Although Cruz discussed Vasquez's address with Professional Civil Process Servers, no further attempts at service were made during the remainder of March, April, and May. The address, at which Berry made the four unsuccessful service attempts, was ultimately determined to be Vasquez's address.

On May 25, 2016, Appellants filed the Declaration of Not Found that Berry signed. Five weeks later, on June 30, 2016, Appellants filed a motion for substitute service. On July 14, the trial court signed an order granting the motion. Appellants informed Professional Civil Process Servers about the order granting substitute service on July 26. Vasquez was personally served on August 1, 2016.

After answering, Vasquez filed a motion for summary judgment on October 8, 2016. In his motion, he asserted that the statute of limitations barred Appellants' suit because they had not exercised diligence in serving him. To meet his summary-judgment burden, Vasquez requested the trial court to take judicial notice of the pleadings in the court's file showing (1) the car accident occurred on March 5, 2014; (2) Appellants filed suit on March 2, 2016; and (3) he was not served until August 1, 2016, five months after suit was filed and after limitations had run.

Appellants filed a response to the motion for summary judgment. As summary-judgment evidence, they offered Berry's Declaration of Not Found,

4

detailing his four unsuccessful attempts to serve Vasquez. Appellants also offered the affidavit of their attorney, Cruz, in which she reiterated the information about Berry's four unsuccessful service attempts between March 5 and March 10, and she also stated as follows:

[O]n March 11, 2016, I contacted the company Professional Civil Process Servers to discuss this matter and provided them with Martin Vasquez's date of birth and driver's license number.

Between March, April and May, I discussed with [Professional] Civil Process Servers to confirm whether or not we had the correct address for Defendant. The address was confirmed to be the same address used for all previous attempts. There was no other address to attempt service of process.

On May 25, 2016[,] the Declaration of [Not Found] was filed with the Court.

On June 30, 2016[,] we submitted the Motion for Substitute Service to the Court.

On July 14, 2016, this Court signed the order granting the Motion for Substitute Service.

On July 26, 2016, I followed up with Professional Process Server [sic] to inform them that the Court signed the order granting Substitute Service.

On August 1, 2016, Defendant Martin Vasquez was personally served with process.

The trial court granted Appellants' motion for summary judgment on December 4, 2018. This appeal followed.

5

**Motion for Summary Judgment**

In their sole issue, Appellants contend that the trial court erred in granting summary judgment. Appellants assert that the summary-judgment evidence showed that there was a genuine issue of material fact regarding whether they exercised due diligence in attempting to serve Vasquez between the filing of the suit on March 2, 2016 and serving Vasquez on August 1, 2016.

**A.    Standard of Review**

We review de novo the trial court's ruling on a motion for summary judgment. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). A party moving for traditional summary judgment has the burden to prove that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *SeaBright Ins. Co. v. Lopez*, 465 S.W.3d 637, 641 (Tex. 2015). When a defendant moves for summary judgment, it must either (1) disprove at least one essential element of the plaintiff's cause of action or (2) plead and conclusively establish each essential element of its affirmative defense, thereby defeating the plaintiff's cause of action. *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995). A matter is conclusively established if reasonable people could not differ as to the conclusion to be drawn from the evidence. *See City of Keller v. Wilson*, 168 S.W.3d 802, 823 (Tex. 2005). To determine whether there is a fact issue in a motion for summary judgment, we

review the evidence in the light most favorable to the non-movant, crediting favorable evidence if reasonable jurors could do so and disregarding contrary evidence unless reasonable jurors could not. *See Fielding*, 289 S.W.3d at 848 (citing *City of Keller*, 168 S.W.3d at 827).

## B.    Applicable Legal Principles

"Summary judgment on a limitations affirmative defense involves shifting burdens of proof." *Perez v. Efurd*, No. 01–15–00963–CV, 2016 WL 5787242, at *2 (Tex. App.—Houston [1st Dist.] Oct. 4, 2016, no pet.) (mem. op.) (citing *Proulx v. Wells*, 235 S.W.3d 213, 215–16 (Tex. 2007)). When a plaintiff files his petition within the limitations period but obtains service on the defendant outside of the limitations period, the service is valid only if the plaintiff exercised diligence in procuring service. *Davis v. Roberts*, No. 01–10–00328–CV, 2011 WL 743198, at *2 (Tex. App.—Houston [1st Dist.] Mar. 3, 2011, no pet.) (mem. op.) (citing *Ashley v. Hawkins*, 293 S.W.3d 175, 179 (Tex. 2009)); *see also Proulx*, 235 S.W.3d at 215 (providing that "a timely filed suit will not interrupt the running of limitations unless the plaintiff exercises due diligence in the issuance and service of citation"). If a plaintiff diligently effects service after the expiration of the statute of limitations, then the date of service relates back to the date of filing. *Proulx*, 235 S.W.3d at 215. But, if a defendant affirmatively pleads the defense of limitations and shows that service has occurred after the limitation's deadline, the

burden shifts to the plaintiff to prove diligence. *Ashley*, 293 S.W.3d at 179; *Proulx*, 235 S.W.3d at 215.

Diligence is determined by asking "whether the plaintiff acted as an ordinarily prudent person would have acted under the same or similar circumstances and was diligent up until the time the defendant was served." *Proulx*, 235 S.W.3d at 216. The plaintiff must present evidence regarding the efforts made to serve the defendant and "explain every lapse in effort or period of delay." *Id.* The question of the plaintiff's diligence in obtaining service is generally one of fact to be "determined by examining the time it took to secure citation, service, or both, and the type of effort or lack of effort the plaintiff expended in procuring service." *Id.* If "one or more lapses between service efforts are unexplained or patently unreasonable," then the record demonstrates lack of diligence as a matter of law. *Id.*

## C.    Due Diligence

Appellants alleged that the car accident occurred on March 5, 2014, setting March 5, 2016 as the date the two-year statute of limitations expired. *See* TEX. CIV. PRAC. & REM. CODE § 16.003(a). In his motion for summary judgment, Vasquez proved that he was not served until August 1, 2016, after limitations ran. As a result, Vasquez met his initial burden of establishing that service was outside the limitations period, and the burden shifted to Appellants to show that they exercised

8

diligence in attempting to serve Vasquez after filing suit and until he was served. *See Ashley*, 293 S.W.3d at 179; *Proulx*, 235 S.W.3d at 216. To satisfy their burden, Appellants had to "present evidence regarding the efforts that were made to serve the defendant, and to explain every lapse in effort or period of delay." *Proulx*, 235 S.W.3d at 216.

The period between the filing of the lawsuit on March 2, 2016 and serving Vasquez on August 1, 2016 was 152 days, or about five months. To show they exercised due diligence in attempting to serve Vasquez during this period, Appellants offered as summary-judgment evidence (1) the affidavit of their attorney, Cruz, and (2) the Declaration of Not Found signed by the process server, Berry.

The evidence showed that Berry received the citation and suit papers on March 4, 2016. And, between March 5 and March 10, Berry made four attempts to serve Martin Vasquez at the address identified as his residence.

During the first service attempt on March 5, Berry learned from a family member that there were two persons named Martin Vasquez: Martin Sr. and Martin Jr. Berry was informed that Martin Sr. lived at the address but that Martin Jr. did not. Berry noted that "the subject" resides at the address, indicating that Berry initially believed that Martin Sr., not Martin Jr., was the defendant. The evidence

9

showed that Berry made two more service attempts on March 7 and 9, continuing to pursue Martin Sr. as the defendant.

On the fourth service attempt on March 10, Berry spoke with Martin Sr. He told Berry that he knew nothing about the car accident. Martin Sr. stated that his 20-year-old son, Martin Jr., must have been the one involved in the accident. He said that Martin Jr. did not live at the address.

On March 11, Cruz contacted Professional Civil Process Servers "to discuss this matter and provided them with Martin Vasquez's date of birth and driver's license number." When viewed in the light most favorable to them as non-movants, Appellants' evidence showed that they exercised diligence in pursuing service during the initial 9-day period of March 2 to 11.

After the initial 9-day period, Cruz's affidavit identified a gap-in-service period: the 75-day period between March 12 and May 25, the date on which Appellants filed Berry's Declaration of Not Found in the trial court. Regarding this period, Cruz stated that, "[b]etween March, April and May, I discussed with Civil Process Servers to confirm whether or not we had the correct address for Defendant. The address was confirmed to be the same address used for all previous attempts. There was no other address to attempt service of process."[1]

---

[1] On appeal, Appellants also point to Cruz's supplemental affidavit, filed along with a motion for leave 52 days *after* the trial court granted Vasquez's motion for summary judgment. In the supplemental affidavit, Cruz indicated that she had

In assessing this period, we find instructive *Roberts v. Padre Island Brewing Company, Inc.*, 28 S.W.3d 618, 621 (Tex. App.—Corpus Christi 2000, pet. denied). There, the appellant asserted that she exercised due diligence by repeatedly attempting to contact the process server and the county clerk's office to inquire about the status of service. *See id.* The court of appeals disagreed, concluding that her acts did not constitute due diligence because it is the responsibility of the person requesting service, and not the process server, to see that the service is properly accomplished. *Id.* The court emphasized that reliance on the process server does not constitute due diligence in attempting service of process. *Id.*; *see Taylor v. Thompson*, 4 S.W.3d 63, 65 (Tex. App.—Houston [1st

forgotten to mention in her previous affidavit (offered as summary-judgment evidence) that her law office had flooded in April 2016. She said that the flood "was part of the reason" why Appellants had delayed "until May 2016 to continue with the efforts to secure service of process on [Vasquez]." However, because it was not on file before the trial court ruled on the motion, we cannot consider Cruz's supplemental affidavit, including her statement that her office flooded in April 2016, when assessing whether the trial court properly granted summary judgment. *See* TEX. R. CIV. P. 166a(c) (providing that trial court considers evidence "on file at the time of the hearing, or filed thereafter and before judgment with the permission of the court"); *Armstrong-Cody v. Kinder Morgan Prod. Co.*, LLC, No. 11-13-00073-CV, 2015 WL 302002, at *2 (Tex. App.—Eastland Jan. 22, 2015, no pet.) (mem. op.) (stating that court could not consider two depositions on appeal because they did not exist when trial court ruled on motion for summary judgment); *Lewis v. Lamb*, No. 09-06-201 CV, 2007 WL 2002901, at *4 (Tex. App.—Beaumont Apr. 12, 2007, no pet.) (mem. op.) ("We cannot consider evidence that was not presented to the trial court for the summary judgment ruling."). In addition, the supplemental affidavit is not in the clerk's record. We note that "[e]vidence that is not contained in the appellate record is not properly before this Court." *Tex. Windstorm Ins. Ass'n v. Jones*, 512 S.W.3d 545, 552 (Tex. App.—Houston [1st Dist.] 2016, no pet.).

Dist.] 1999, pet. denied) ("[A]ny misplaced reliance on the process server does not constitute due diligence."). The *Roberts* court stated that a reasonable person in the same or similar circumstance would have employed an alternate process server, a constable, or would have attempted service through other alternative court approved methods. *See Roberts*, 28 S.W.3d at 621.

Here, Cruz's affidavit indicates that Appellants relied on Civil Process Servers to locate Vasquez during the 75-day period from March 12 to May 25. But, as stated in *Roberts*, it was not the process servers' responsibility to accomplish service, it was Appellants' responsibility. *See id.* And it is unclear what, if anything, Civil Process Servers did during the two-and-one-half-month period.

Appellants point out that Vasquez's family told Berry that Vasquez did not live at the address that was ultimately determined to be the correct address. Even so, Cruz's affidavit shows no proactive steps by Appellants (or by Professional Civil Process Servers on their behalf) to accomplish service during the 75-day period. Cruz's affidavit indicates only that she discussed with Professional Civil Process Servers whether it had the correct address for Vasquez and that the address was determined to be the right one.

Cruz's affidavit does not describe what means, if any, were used by Professional Civil Process Servers to locate Vasquez during this period or indicate the intensity of the search. The affidavit also does not address how Appellants

12

monitored the search to ensure that it was progressing or indicate how frequently Cruz spoke to Civil Process Servers during March, April, and May about locating Vasquez. In short, there is no indication why it took two-and-one-half months to confirm that Vasquez lived at the address where service had already been attempted.

Nor is there evidence that, during this period, Appellants sought the services of an alternate process server, considered other means of service, or engaged in other search methods to locate Vasquez. *See Franklin v. Longview Med. Ctr.,* No. 12-18-00198-CV, 2019 WL 2459020, at *6 (Tex. App.—Tyler June 5, 2019, no pet.) (mem. op.) (holding appellant failed to continually exercise due diligence in attempting to serve defendant when evidence showed that, during separate 60- and 70-day periods of inactivity, appellant relied on process server to accomplish service, but appellant offered no evidence showing that she had proactively ensured service would be accomplished). Appellants' evidence stands in contrast to evidence offered in other cases in which courts have held that the evidence raised a fact issue regarding diligence of service during gap periods of similar length to that here. *See, e.g.*, *St. John Backhoe Serv. v. Vieth*, No. 02–15–00098–CV, 2016 WL 4141026, at *6 (Tex. App.—Fort Worth Aug. 4, 2016, no pet.) (mem. op.) (holding evidence showing that, during two-and-one-half month period of service delay, plaintiff's attorney retained new process server and asked process server to search

13

tax records for new address and that draft affidavit raised fact issue about diligence of service); *Fontenot v. Gibson,* No. 01-12-00747-CV, 2013 WL 2146685, at *3 (Tex. App.—Houston [1st Dist.] May 16, 2013, no pet.) (mem. op.) (concluding evidence showing that plaintiff's attorney requested process server to investigate defendant's whereabouts, requested forwarding address from postal service, and searched various websites for defendant's address over two-month lapse-in-service-period raised fact issue regarding due diligence).

The next period of delay identified by Cruz's affidavit is the five-week period from May 25, 2016 until June 30, 2016. Appellants filed Berry's Declaration of Not Found on May 25 but took no further steps to accomplish service until June 30 when they filed the motion for substitute service. The Declaration of Not Found, signed by Berry on March 11, detailed his attempts to serve Vasquez between March 5 and March 10. However, Appellants do not explain how filing the Declaration of Not Found by itself aided in accomplishing service, particularly when Appellants did not file the motion for substitute service until June 30, five weeks later. *See Carter v. MacFadyen*, 93 S.W.3d 307, 314–15 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) ("A flurry of ineffective activity does not constitute due diligence if easily available and more effective alternatives are ignored."). Further, Appellants offered no evidence to explain the

five-week period of inactivity between the filing of the Declaration of Not Found and the filing of the motion to substitute.

Appellants point out that the courts in *Proulx* and in *Fontenot* held that short periods of delay, when considered in the context of the overall course of effecting service, do not conclusively establish a lack of due diligence to accomplish service. *See Proulx*, 235 S.W.3d at 216–17; *Fontenot*, 2013 WL 2146685, at *2. However, *Proulx* and *Fontenot* are distinguishable from this case. In those cases, the summary-judgment evidence demonstrated that service was being actively pursued throughout the duration of the time it took to accomplish service. *See Proulx*, 235 S.W.3d at 216–17 (determining that movant failed to conclusively establish lack of diligence when evidence showed plaintiff had made 30 attempts at service at five addresses over nine-month period and had hired two process servers and two investigators to locate defendant, who had been actively dodging service); *Fontenot*, 2013 WL 2146685, at *2 (holding two-week delay between request for first citation and court's issuing citation, followed by two-week delay in delivering it to process server; three-week delay between court clerk's issuing second citation and plaintiff's sending citation to process server; and three-week delay between process server's receipt of citation and process server's first attempt at service did not demonstrate lack of diligence when other evidence showed activity to accomplish service, such as service attempts, searching the internet for current

15

address, and obtaining new citation over the course of overall six-month period it took to effect service). In contrast, as discussed above, the summary-judgment evidence here does not demonstrate due diligence by Appellants to accomplish service from March 12 to June 30, a period of three-and-on-half months out of the five-month-period it took to serve Appellants after suit was filed.

We conclude that, after Vasquez met his summary-judgment burden, Appellants did not meet their burden. Appellants' summary-judgment evidence did not raise a fact issue regarding whether they exercised due diligence during their lapse in service efforts but instead conclusively established that they did not exercise due diligence in effecting service during that time. We hold that the trial court properly granted summary judgment in Vasquez's favor.

We overrule Appellants' sole issue.

## Conclusion

We affirm the judgment of the trial court.


Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Keyes and Lloyd.

16