**Opinion issued April 30, 2020**



In The

# Court of Appeals

For The

## First District of Texas

—————————————

## NO. 01-19-00646-CV

—————————————

## CEDRIQUEZ RICHARDSON AND TONY RICHARDSON, Appellants

## V.

## KIRSTI  CLACK, Appellee

On Appeal from the 157th District Court
Harris County, Texas
Trial Court Case No. 2017-54923

## MEMORANDUM OPINION

Cedriquez and Tony Richardson's personal-injury suit against Kristi Clack

was dismissed after the trial court granted Clack's motion for summary judgment

on limitations grounds. The Richardsons appeal the judgment of dismissal, arguing

that they used diligence in serving Clack or, at a minimum, raised a fact question on the issue to prevent summary judgment against them.

We affirm.

**Efforts to Obtain Service on Clack**

Clack and the Richardsons were involved in a motor accident on October 1, 2016, which set October 1, 2018 as the date the two-year limitations period would expire. *See* TEX. CIV. PRAC. & REM. CODE § 16.003(a) (setting a two-year limitations period for personal injury actions).

The Richardsons filed suit against Clack on August 18, 2017, leaving more than a year of the limitations period for service of process on Clack. Beginning in October 2017, the Richardsons' attorneys checked in with the process server about every six to eight weeks for an update on service. Each time, the process server "indicated he did not have a good address for [Clack and] . . . was searching for [her]." This pattern continued until one week before the two-year limitations was set to expire. In September 2018, the Richardsons' attorneys asked the process server about substituted service and, when told that the process server still did not have a "good address" for Clack, the Richardsons' attorneys placed the file on a "due diligence list." This resulted in weekly follow-up calls to the process server, who repeatedly advised that he still "was checking for new address" for service.

The law office's weekly, post-limitations calls to the process server continued for six months, until the end of March 2019, with no changes in requests or responses from either end of the call. Then, after six months of the process server stating weekly that he was still checking for a new address, the process server stopped answering the law office's calls altogether.

After three weeks of no returned phone calls, the Richardsons' attorneys requested that new citation be issued to a different process server. The new process server picked up the new citation on April 26, 2019 and successfully accomplished service in just four days.

Clack was served at her work address on April 30. She filed her answer on May 28 and immediately moved for summary judgment on limitations grounds.

The Richardsons responded with a timeline of communication between the law office and the original process server with accompanying affidavits. Each affidavit provided a factual recitation of the follow-up calls to the first process server, the switch to a new process server in April 2019, and the successful service on Clack that same month.

The Richardsons argued that they demonstrated due diligence in attempting to obtain service or, at a minimum, raised a fact issue on diligence to avoid summary-judgment dismissal of their suit. The trial court granted Clack's

summary-judgment motion and dismissed the Richardsons' suit. The Richardsons appealed.

## Motion for Summary Judgment on Limitations

In their sole issue, the Richardsons argue the trial court erred in granting summary judgment on limitations grounds.

### A. Standard of review

We review de novo a trial court's ruling on a motion for summary judgment. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). A party moving for traditional summary judgment has the burden to prove there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *SeaBright Ins. Co. v. Lopez*, 465 S.W.3d 637, 641 (Tex. 2015). When a defendant moves for summary judgment, the defendant must either disprove at least one essential element of the plaintiff's cause of action or plead and conclusively establish each essential element of the defendant-movant's affirmative defense. *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995).

To determine whether there is a fact issue in a summary-judgment motion, we review the evidence in the light most favorable to the nonmovant, crediting favorable evidence if reasonable jurors could and disregarding contrary evidence unless reasonable jurors could not. *See Fielding*, 289 S.W.3d at 848 (citing *City of*

*Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005)). A matter is conclusively established if reasonable people could not differ as to the conclusion to be drawn from the evidence. *See City of Keller*, 168 S.W.3d at 823.

**B.      Applicable law on due diligence in obtaining service**

"Summary judgment on a limitations affirmative defense involves shifting burdens of proof." *Perez v. Efurd*, No. 01–15–00963–CV, 2016 WL 5787242, at *2 (Tex. App.—Houston [1st Dist.] Oct. 4, 2016, no pet.) (mem. op.) (citing *Proulx v. Wells*, 235 S.W.3d 213, 215–16 (Tex. 2007)). When a plaintiff files her petition within the limitations period but obtains service on the defendant outside of the limitations period, the service is valid only if the plaintiff exercised diligence in obtaining service. *Ashley v. Hawkins*, 293 S.W.3d 175, 179 (Tex. 2009); *see Proulx*, 235 S.W.3d at 215 (providing that "a timely filed suit will not interrupt the running of limitations unless the plaintiff exercises due diligence in the issuance and service of citation"). If a plaintiff diligently obtains service after the statute of limitations expires, then the date of service relates back to the date the suit was filed. *Proulx*, 235 S.W.3d at 215. If a defendant affirmatively pleads the defense of limitations, though, and shows that service was obtained after the limitation's deadline, then the burden shifts to the plaintiff to prove diligence. *Ashley*, 293 S.W.3d at 179; *Proulx*, 235 S.W.3d at 215.

The diligence inquiry asks "whether the plaintiff acted as an ordinarily prudent person would have acted under the same or similar circumstances" and continued to be "diligent up until the time the defendant was served." *Proulx*, 235 S.W.3d at 216. It is the plaintiff's burden to present evidence regarding her efforts to serve the defendant and to "explain every lapse in effort or period of delay." *Id.* The question of the plaintiff's diligence is generally one of fact to be "determined by examining the time it took to secure citation, service, or both, and the type of effort or lack of effort the plaintiff expended in procuring service." *Id.*

If "one or more lapses between service efforts are unexplained or patently unreasonable," then the record demonstrates lack of diligence as a matter of law. *Id.* If a lack of diligence is established as a matter of law, there is no error in granting summary judgment on limitations grounds. *Ventura v. Vasquez*, No. 01-19-00240-CV, 2019 WL 6904545, at *6 (Tex. App.—Houston [1st Dist.] Dec. 19, 2019, no pet.) (mem. op.).

**C.     Lack of diligence as a matter of law**

The Richardsons alleged that the car accident occurred on October 1, 2016, 2016, setting October 1, 2018 as the date the two-year statute of limitations expired. *See* Tex. Civ. Prac. & Rem. Code § 16.003(a). In her summary-judgment motion, Clack proved that she was not served until April 30, 2019, about six months after limitations ran. Thus, Clack met her initial burden of establishing that

service was outside the limitations period, and the burden shifted to the Richardsons to show that they exercised diligence in attempting to serve Clack between the filing of their lawsuit and the date they achieved service. *See Ashley*, 293 S.W.3d at 179; *Proulx*, 235 S.W.3d at 216. To satisfy their burden, the Richardsons had to "present evidence regarding the efforts that were made to serve the defendant, and to explain every lapse in effort or period of delay." *Proulx*, 235 S.W.3d at 216.

The Richardsons' summary-judgment evidence shows their attorneys requested citation and hired a process server in August 2017. The attorneys followed up with the process server every six to eight weeks for more than a year without any changes in the instructions to the process server or any recorded efforts to try new tactics to achieve service.

As the limitations period expired, the Richardsons' attorneys increased the frequency of the follow-up calls but nothing else changed. The process server did not provide a different response to the calls, and the attorneys did not change their tactics for achieving service. This continued for six more months.

It was only when the process server stopped responding altogether that the attorneys altered their approach to obtaining service. When the process server stopped taking calls from the law firm in late March 2019—which was about 19 months after suit was filed and about 5 months after the limitations period

expired—the firm's attorneys changed their approach. They hired a new process server in mid-April 2019. Within a two-week period, the attorneys hired a new process server, requested a new citation, and successfully obtained service on Clack.

In attempting to show diligence, the Richardsons focus on their attorneys' persistence in contacting the process server at scheduled intervals. But that focus is misplaced. It is "the responsibility of the person requesting service, and not the process server, to see that the service is properly accomplished." *Ventura*, 2019 WL 6904545, at *4; *see Roberts v. Padre Island Brewing Co., Inc.*, 28 S.W.3d 618, 621 (Tex. App.—Corpus Christi 2000, pet. denied). Reliance on the process server does not establish due diligence in attempting service of process. *Ventura*, 2019 WL 6904545, at *5; *Taylor v. Thompson*, 4 S.W.3d 63, 65 (Tex. App.—Houston [1st Dist.] 1999, pet. denied) (stating that "any misplaced reliance on the process server does not constitute due diligence.").

The record does not show proactive steps by the Richardsons through their attorneys to address the lack of service on Clack during the 19 months that the suit was on file. Nor does it show any effort to switch to an alternate means of service, a different process server, or a research-based approach to figuring out where Clack might be found. *See Franklin v. Longview Med. Ctr.*, No. 12-18-00198-CV, 2019 WL 2459020, at *6 (Tex. App.—Tyler June 5, 2019, no pet.) (mem. op.)

(holding plaintiff failed to continually exercise due diligence in attempting to serve defendant when evidence showed that, during two separate periods of inactivity, plaintiff relied on process server to accomplish service without proactively ensuring service would be achieved).

According to the record, it was only when the initial process server failed to respond to the law firm's scheduled follow-up calls that the Richardsons' attorneys considered a new approach. Once they tried something else, Clack was served within days.

We conclude that, after Clack met her summary-judgment burden, the Richardsons did not meet theirs. Their summary-judgment evidence did not raise a fact issue regarding whether they exercised due diligence during the 19 months Clack went without being served, including five months after the limitations period expired. Instead, the evidence conclusively established that the Richardsons did not exercise due diligence in effecting service. *See Ventura*, 2019 WL 6904545, at *6; *Carter v. MacFayden*, 93 S.W.3d 307, 315 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) (holding that "a flurry of ineffective activity does not constitute due diligence if easily available and more effective alternatives are ignored"); *see also Davis v. Roberts*, No. 01-10-00328-CV, 2011 WL 743198, at *4 (Tex. App.—Houston [1st Dist.] Mar. 3, 2011, no pet.) (mem. op.) (noting party offered no explanation how phone calls to UPS store, where that party had already sent

9

"fruitless citation," could have helped locate other party). We hold the trial court properly granted summary judgment in Clack's favor because the evidence established a lack of diligence as a matter of law.

We overrule the Richardsons' sole issue.

**Conclusion**

We affirm.

Sarah Beth Landau
Justice

Panel consists of Justices Landau, Hightower, and Countiss.