# In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

## NO. 09-15-00016-CV

_____

## BLAND BROWN JR. AND ANDRA LYNN BROWN, Appellants

## V.

## JAMES CARRELL INDIVIDUALLY AND JAMES CARRELL D/B/A CARRELL INSURANCE, Appellee

**On Appeal from the 258th District Court
Polk County, Texas
Trial Cause No. CIV-27275**

## MEMORANDUM OPINION

Bland Brown Jr. and Andra Lynn Brown (hereinafter referred to as "the Browns") appeal the grant of take-nothing summary judgment in favor of James Carrell Individually and James Carrell d/b/a Carrell Insurance (hereinafter collectively referred to as "Carrell"). The Browns contend the trial court erred in granting Carrell's traditional and no-evidence motions for summary judgment. We affirm the trial court's judgment.

1

# I. Background

The Browns own a home with an adjacent guest house in Livingston, Texas. The Browns purchased windstorm insurance for their guest house from Germania Insurance Company ("Germania Insurance") through its agent, Carrell. The Browns also purchased flood insurance from Clara Quinn, an agent at Germania General Agency, Inc. ("Germania General"), which culminated in a flood policy issued by insurer Delta Lloyds, now known as Harleysville Mutual Insurance Company ("Harleysville"). The evidence in the record reflects that Carrell is not associated with Germania General. The undisputed summary judgment evidence is that Germania Insurance does not write flood insurance policies and that Carrell did not sell flood insurance policies and did not procure the flood insurance policy on behalf of the Browns. It is also undisputed that the Browns never provided Carrell with a copy of the flood insurance policy. The Browns did not fill out an application for flood insurance with Carrell or anyone at his agency. Mr. Brown testified that the mortgage company procured the policy at closing, and he only assumed the flood policy was written through Carrell.

According to the Browns, flooding and wind-driven rain from Hurricane Ike damaged their guest house. Thereafter, they contacted Carrell and reported the loss. The Browns contend they assumed Carrell was the agent for both the

windstorm and flood policies and that he would submit a claim to Germania Insurance and Harleysville. However, Carrell only notified Germania Insurance of the Browns' windstorm claim and did not notify Harleysville of their flood claim. Eventually, Harleysville denied the Browns' flood claim in part because the claim was not timely submitted. Germania Insurance issued two settlement checks to the Browns to cover the windstorm damage, but the Browns were dissatisfied with the settlement amount offered. Germania Insurance denied any further coverage to the guest house.

Thereafter, the Browns filed suit on December 29, 2010, against Harleysville, Germania Insurance, and Harleysville's independent adjuster. The case was removed to federal court, where a partial judgment was entered dismissing all claims against Harleysville and its independent adjuster, but remanding the Browns' case against Germania Insurance to state court. *See Brown v. Harleysville Mut. Ins. Co.*, No. 9:10-CV-190, 2011 U.S. Dist. LEXIS 82607, *1-2 (E.D. Tex. 2011). Germania Insurance entered into a settlement agreement with the Browns regarding their state court claims and the Browns executed a release.

Thereafter, the Browns filed suit against Carrell alleging a number of causes of action, including breach of fiduciary duty, breach of contract, negligence, negligent misrepresentation, and violations of the Texas Insurance Code. On

3

February 18, 2014, Carrell filed a no-evidence motion for summary judgment. And, on July 8, 2014, Carrell filed a traditional motion for summary judgment. The Browns filed a motion for summary judgment on October 3, 2014. The trial court denied the Browns' motion for summary judgment.

On October 27, 2014, the trial court entered an order on Carrell's no-evidence motion for summary judgment. In that order, the trial court went through each of the Browns' causes of action and indicated whether the trial court was granting or denying Carrell's no-evidence motion on that claim. The trial court granted summary judgment in favor of Carrell on the Browns' causes of action for breach of fiduciary duty, breach of contract, negligent misrepresentation, violations of the Texas Insurance Code, and claims for mental anguish and punitive damages. The trial court denied Carrell's no-evidence motion for summary judgment as to the Browns' cause of action for negligence and their claims for attorney's fees.

However, the same day, the trial court entered an order titled, "Final Judgment[.]" The trial court's Final Judgment provides in part:

> Upon consideration of the No-Evidence Motion for Summary Judgment and the Traditional Motion for Summary Judgment filed by Defendant [Carrell], the Court, after reviewing the motions, the response(s) and pleadings on file, and the applicable law, and evidence, is of the opinion that said Motions are meritorious and should be GRANTED. It is therefore,

4

ORDERED, that Plaintiffs, [the Browns], shall take nothing from Defendant [Carrell], by reason of this suit. A take nothing judgment is hereby ordered in favor of [Carrell], as to all claims asserted herein.[1]

The Browns appealed from this final judgment.

## II. Standard of Review

When both sides move for summary judgment and the trial court grants one motion and denies the other, we consider both sides' summary judgment evidence, determine all questions presented, and render the judgment the trial court should have rendered. *Gilbert Tex. Constr., L.P. v. Underwriters at Lloyd's London*, 327 S.W.3d 118, 124 (Tex. 2010). Therefore, we review all grounds asserted in both the Browns' and Carrell's motions.

When a motion for summary judgment presents both no-evidence and traditional grounds, we review the no-evidence grounds first. *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). If a nonmovant fails to produce more than a scintilla of evidence under the no-evidence standards, there is no need for an appellate court to analyze whether the movant's summary judgment proof satisfied the burden related to traditional summary judgment motions. *Id.* In

---

[1] The Browns argue in their appellate brief that the trial court's order on the no-evidence motion for summary judgment and its final judgment improperly contradict. However, an order denying a motion for summary judgment is interlocutory and may be changed or modified until final judgment is rendered. *See In re Staley*, 320 S.W.3d 490, 502 (Tex. App.—Dallas 2010, no pet.).

determining whether the evidence produced is more than a scintilla, we must view the evidence in the light most favorable to the non-movant. *Id*. at 601. "[M]ore than a scintilla of evidence exists if the evidence 'rises to a level that would enable reasonable and fair-minded people to differ in their conclusions.'" *Id*. (quoting *Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)). However, if the evidence produced "'to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence, the evidence is no more than a scintilla and, in legal effect, is no evidence.'" *Id*. (quoting *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983)).

### III. No-Evidence Motion for Summary Judgment

On appeal, the Browns argue that they presented more than a scintilla of evidence to the trial court in support of their causes of action for breach of fiduciary duty, breach of contract, violations of "chapter 541" and "chapter 542 of the DTPA[,]" negligence, negligent misrepresentation, and to show they were entitled to damages for mental anguish, exemplary damages, and attorney's fees. We address each argument below.

A.      **Breach of Fiduciary Duty**

To establish a breach-of-fiduciary-duty claim, the Browns must show (1) a fiduciary relationship between them and Carrell; (2) a breach by Carrell of his

6

fiduciary duty to the Browns; and (3) an injury to the Browns or benefit to Carrell as a result of Carrell's breach. *See Fred Loya Ins. Agency, Inc. v. Cohen*, 446 S.W.3d 913, 919 (Tex. App.—El Paso 2014, pet. denied) (quoting *Dernick Res., Inc. v. Wilstein*, 312 S.W.3d 864, 877 (Tex. App.—Houston [1st Dist.] 2009, no pet.)). The Browns contend that the relationship they had with Carrell was an agency relationship, which is one type of a formal fiduciary relationship. *See Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 200 (Tex. 2002) ("[A]gency is also a special relationship that gives rise to a fiduciary duty.").

In Texas, there is no presumption of agency; thus, a party who alleges agency has the burden to prove the relationship. *IRA Res., Inc. v. Griego*, 221 S.W.3d 592, 597 (Tex. 2007) (per curiam). An agency relationship is a consensual relationship that exists between two parties, in which one party, the agent, acts on behalf of the other party, the principal, subject to the principal's control. *TOKA Gen. Contractors v. Wm. Rigg Co.*, No. 04-12-00474-CV, 2014 WL 1390448, at *8 (Tex. App.—San Antonio Apr. 9, 2014, pet. denied) (mem. op.). "For an agency relationship to exist, there must be (1) a meeting of the minds between the parties to establish the relationship, and (2) some act constituting the appointment of the agent." *Id*. The only evidence the Browns rely upon to show that they had an agency relationship with Carrell was Carrell's testimony that he was their

7

insurance agent for obtaining the windstorm policy. Even if an agency relationship existed between Carrell and the Browns regarding the windstorm policy, there is no evidence that the scope of that agency, actual or apparent, extended to cover the flood insurance policy. The Browns failed to present any evidence to show a meeting of the minds between them and Carrell for Carrell to act as their agent with regard to the flood insurance policy or other evidence to reasonably show that he had apparent authority to act as an agent for Harleysville. The summary judgment evidence is that the Browns only assumed Carrell would take care of reporting their flood claim. Further, the Browns presented no evidence that Carrell had any authority regarding the Browns' flood policy or that they had the right to control Carrell's actions regarding the flood policy, elements necessary to show a principal-agent relationship. We conclude that the Browns have failed to meet their burden of producing summary judgment evidence to raise a genuine issue of material fact as regards the first element of a breach-of-fiduciary-duty cause of action. The trial court did not err in granting summary judgment in favor of Carrell on the Browns' cause of action for breach of fiduciary duty.

## B.     Breach of Contract

The Browns contend they "have established [their] breach of contract" cause of action. Insurance policies are contracts. *Barnett v. Aetna Life Ins. Co.*, 723

S.W.2d 663, 665 (Tex. 1987); *see Markel Ins. Co. v. Muzyka*, 293 S.W.3d 380, 385 (Tex. App.—Fort Worth 2009, no pet.) (explaining that the construction of an insurance policy is according to the same rules of construction that apply to contracts). To recover on a breach of contract claim, a plaintiff must show (1) the existence of a valid contract, (2) the performance or tendered performance by the plaintiff, (3) breach of the contract by the defendant, and (4) resulting damages to the plaintiff. *Fieldtech Avionics & Instruments, Inc. v. Component Control.Com, Inc.*, 262 S.W.3d 813, 825 (Tex. App.—Fort Worth 2008, no pet.). In reviewing the Browns' petition, we note that the only contracts to which the Browns refer include: (1) the insurance policy between the Browns and Harleysville for flood coverage and, (2) the policy between the Browns and Germania Insurance for windstorm coverage. There are no remaining disputes regarding windstorm coverage, and the Browns make no claim in this lawsuit regarding Carrell's actions in regards to that policy. This dispute only concerns Carrell's alleged actions and inactions related to the flood policy. The undisputed summary judgment evidence is that Carrell was not the agent that procured the flood policy. Rather, an agent named Clara Quinn obtained the flood policy from Harleysville. There is no evidence that Carrell had anything to do with the procurement of the flood policy or the ability to file a claim on behalf of the Browns under such policy. Further,

9

there is no evidence that the Browns paid to Carrell any premiums for the flood policy.

On appeal, the Browns contend that "at least a verbal contract existed between [them] and Carrel to submit a flood claim." While the Browns' brief cites to a number of pages in the record to support this contention, none of the record references cited actually support their claim that Carrell entered into a verbal agreement with the Browns to report the flood claim. Rather, much of the cited evidence supports that the Browns merely made an assumption that Carrell would file the flood claim. We conclude the Browns produced no evidence that a valid contract existed between them and Carrell in regards to the flood insurance policy, or that Carrell breached any duty to the Browns in regards to that policy. The trial court did not err in granting summary judgment in favor of Carrell on the Browns' breach of contract cause of action.

## C.    Unfair Insurance Practices

On appeal, the Browns argue that they have established that Carrell participated in unfair insurance practices under "chapter 541" and "chapter 542 of the DTPA[.]" However, the Browns did not allege any causes of action directly under the DTPA. Additionally, the DTPA is codified in subchapter E, chapter 17 of the Texas Business and Commerce Code. *See* Tex. Bus. & Com. Code Ann. §

10

17.41 (West 2011). Generally, the purpose of chapters 541 and 542 of the Texas Insurance Code is to regulate the business of insurance by prohibiting deceptive or unfair insurance practices and unfair claim settlement practices, and to promote the prompt payment of claims by insurers. *See* Tex. Ins. Code Ann. §§ 541.001, 542.001, 542.003, 542.054 (West 2009). In their petition, the Browns specifically alleged that Carrell violated sections 541.060 and 542.051 of the Texas Insurance Code. We construe the Browns' appellate brief as arguing that they produced more than a scintilla of evidence to support their claims of unfair insurance practices under the Texas Insurance Code.

**1. Section 541.060**

Section 541.060(a) enumerates a list of "unfair settlement practices" that constitute "an unfair method of competition or an unfair or deceptive act or practice in the business of insurance" in respect to a claim by an insured or beneficiary. *Id*. § 541.060(a). The Browns alleged generally that Carrell violated "numerous provisions" of section 541.060 of the Texas Insurance Code; however, they never identified the provisions allegedly violated.

The only specific action that the Browns complain about regarding Carrell is that Carrell did not notify Harleysville of the Browns' flood claim or notify them that he was unable to submit a flood claim on their behalf. In their brief, the

11

Browns argue that the basis of their claims is that Carrell "failed to do what [he] promised and [was] obligated to do: submit a flood claim when directed to do so" or notify them of his inability to submit the claim. However, as noted above, there is no evidence in the summary judgment record that Carrell ever promised to report the flood claim for the Browns. The Browns do not identify any provision in section 541.060 that Carrell's actions allegedly violated. We conclude that Carrell's failure to report a claim for a policy that he did not procure and was otherwise not associated with does not give rise to any cause of action for any of the unfair settlement practices identified in section 541.060(a). *See id*. § 541.060(a).

Because we have concluded that the trial court properly granted summary judgment in favor of Carrell on the Browns' claims under section 541.060, we need not address their claim for damages and attorney's fees under section 541.152(a). *See* Tex. Ins. Code Ann. § 541.152(a) (West Supp. 2016) (providing that a prevailing plaintiff in an action under this subchapter may obtain actual damages, court costs, and reasonable and necessary attorney's fees).

**2. Section 542.051**

The Browns also alleged that Carrell was liable under section 542.051 for causing them to lose flood insurance policy proceeds. However, section 542.051 is

a defining section of the statute and does not prohibit any specific act. *See id*. § 542.051 (defining "business day", "claim", "claimant", and "notice of claim"). Additionally, the Browns do not address this provision in their appellate brief as a basis for their claims or any other provision under subchapter B of chapter 542. On appeal, the Browns argue that Carrell committed a violation of section 542.003(b)(2) when he failed "to acknowledge with reasonable promptness pertinent communications relating to a claim arising under the insurer's policy." We have reviewed the Browns' petition, and even under a liberal construction, we conclude they did not allege any claims based on a violation of section 542.003 of the Texas Insurance Code in their petition to the trial court. Furthermore, even if a violation of section 542.003 had been pleaded, we conclude that section regulates insurers, and does not create any duty to the insureds by insurance agents. *See id.* § 542.003(a), (b); *see also Tex. City Patrol, LLC v. El Dorado Ins. Agency, Inc.,* No. 01-15-01096-CV, 2016 WL 3748780, at *2 (Tex. App.—Houston [1st Dist.] July 12, 2016, no pet.) (mem. op.). As such, the Browns have failed to show that summary judgment on their claims under the Texas Insurance Code was improper. We conclude the trial court did not err in granting summary judgment in favor of Carrell on the Browns' claims for unfair insurance practices.

**D.   Negligence**

On appeal, the Browns contend that Carrell owed them a duty to report their flood claim when they instructed him to do so and that Carrell's failure to file their claim with Harleysville was a breach of that duty. Alternatively, the Browns contend that Carrell owed them a duty to inform them that he could not submit the flood claim after they had asked him to do so. The Browns, however, have cited no case law or other authority to support the imposition of any such duties on Carrell.

A plaintiff seeking to recover on a cause of action for negligence must prove three elements: (1) legal duty owed by one person to another, (2) breach of that duty, and (3) damages proximately caused by the breach. *Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006); *D. Houston, Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002). The existence of a legal duty is a question of law for the court to decide based on the particular facts surrounding the occurrence at issue. *Alcoa, Inc. v. Behringer*, 235 S.W.3d 456, 459–60 (Tex. App.—Dallas 2007, pet. denied). It is true that in Texas, an insurance agent owes certain common-law duties to a client for whom the agent undertakes to procure insurance, including the duty to use reasonable diligence in attempting to place the requested insurance and the duty to inform the client promptly if unable to do so. *Sonic Sys. Int'l, Inc. v. Croix*, 278 S.W.3d 377, 389 (Tex. App.—Houston [14th Dist.] 2008, pet. denied).

14

Furthermore, the courts have found that an insurance agent has no legal duty to extend the insurance protection of his client merely because the agent has knowledge of the need for additional coverage for that client, especially in the absence of evidence of prior dealings where the agent customarily has taken care of his client's needs without consulting him. *Id.* at 394 (quoting *McCall v. Marshall*, 398 S.W.2d 106, 109 (Tex. 1965)). Here, however, the Browns are not complaining about Carrell's failure to procure insurance coverage or the failure to seek an extension of that protection. In fact, the Browns do not complain that Carrell did anything wrong in the procurement of or handling of their windstorm policy. There is no evidence of a special business relationship between the Browns and Carrell such that the Browns would have a reasonable expectation that Carrell would assume the responsibility of reporting a flood insurance claim on their behalf without specific consultation. Their assumption that Carrell would file a claim under the flood insurance policy, without more, cannot create a legal duty. We find no case law and the Browns cite no cases or other authority to support that Carrell owed the Browns a legal duty to undertake to report a claim on the flood policy. We conclude that the trial court did not err in granting summary judgment in Carrell's favor on the Browns' common-law negligence claim. We overrule the Browns' appellate issues pertaining to this cause of action.

**E.    Negligent Misrepresentation**

The Browns contend that they have produced summary judgment evidence to support each element of their cause of action for negligent misrepresentation. The elements of negligent misrepresentation are (1) the defendant made a representation in the course of its business or in a transaction in which it had an interest, (2) the defendant supplied false information for the guidance of others in their business, (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information, and (4) the plaintiff suffered pecuniary loss by justifiably relying on the representation. *Fed. Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991); *Brown & Brown of Tex., Inc. v. Omni Metals, Inc.*, 317 S.W.3d 361, 384 (Tex. App.—Houston [1st Dist.] 2010, pet. denied). The Browns argue that Carrell "made representations in the course of [his] business, or in a transaction in which [he] had a pecuniary interest and supplied false information to [the Browns]." However, the Browns have failed to identify on appeal any representations that Carrell allegedly made to them regarding the flood insurance policy or any claim under that policy and have failed to cite to any evidence to support their allegation that Carrell supplied the Browns with any false information. Instead, the summary judgment evidence shows that the Browns only assumed Carrell would submit a claim on their behalf.

16

We conclude the trial court did not err in granting summary judgment in favor of Carrell on the Browns' cause of action for negligent misrepresentation.

Having concluded that summary judgment in favor of Carrell was proper on all of the Browns' claims, we conclude the Browns' claims for mental anguish damages, exemplary damages, and attorney's fees are moot, and we overrule those issues. For all the reasons stated above, we affirm the trial court's judgment.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on October 29, 2015
Opinion Delivered December 29, 2016

Before McKeithen, C.J., Kreger and Johnson, JJ.

17